### Willie ROBINSON v. STATE.
### No. 15934.

Court of Criminal Appeals of Texas.
May 24, 1933.

Rehearing Denied June 21, 1933.

Lamar Bethea, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for two years.

Appellant entered a plea of guilty. The evidence heard is sufficient to justify the verdict. The judgment fixes the penalty at two years' confinement in the penitentiary. It is therefore, reformed so as to condemn the appellant to confinement in the state penitentiary for a period of not less than one nor more than two years.

As so reformed, the judgment is affirmed.

### L. P. SHAW v. STATE.
### No. 16105.

Court of Criminal Appeals of Texas.
June 14, 1933.

Bledsoe, Crenshaw & Dupree, of Lubbock, and Williams & Day, of Plainview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for murder; punishment, three years in the penitentiary.

The record is here without statement of facts or bills of exception. All procedure appearing regular, the judgment will be affirmed.

### Jack SULLIVAN v. STATE.
### No. 16104.

Court of Criminal Appeals of Texas.
June 14, 1933.

Durwood Bradley, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is robbery; penalty assessed at confinement in the penitentiary for twenty years.

The indictment was filed in Lamb county. There was a change of venue to Hale county.

The indictment and other proceedings appear regular.

The only charge requested was given to the jury.

The facts heard are not before this court; nor do we find in the record any bills of exception.

The matters set up in the motion for new trial save that which complains of the change of venue are not matters which, in the absence of the statement of facts, this court is able to appraise. We have perceived nothing in the order changing the venue which would do violence to the law or infringe upon the rights of the accused.

The judgment is affirmed.